# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0603V
**Filed: October 17, 2017**
UNPUBLISHED

|  |  |
|---|---|
| JEANETTE EILAND,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Scott B. Taylor, Urban and Taylor, S.C., Milwaukee, WI, for petitioner.*
*Claudia B. Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 23, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that an influenza ("flu") vaccination she received on October 30, 2014, resulted in a shoulder injury related to vaccine administration ("SIRVA"). On September 11, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. ECF No. 37.

On September 21, 2017, petitioner filed a motion for attorneys' fees and costs. ECF No. 41. Petitioner requests attorneys' fees in the amount of $19,951.50 and attorneys' costs in the amount of $1,403.78. *Id.* at 6. In compliance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

#9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 42-4. Thus, the total amount requested is $21,355.28.

Respondent did not file a response.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, except for the necessary reduction discussed below.

Mr. Taylor requests 16.5 hours in 2015 at a rate of $375 per hour, and 26.4 hours in 2016 at a rate of $385 per hour. ECF No. 41. These rates have been awarded previously, *Manning v. Sec'y of Health & Human Servs.*, 2016 WL 4527582 (Fed. Cl. Spec. Mstr. July 29, 2016), and the undersigned awards them herein.

Additionally, Mr. Taylor requests 9.0 hours in 2017 at a rate of $400 per hour. The undersigned declines to award this rate in this case. While Mr. Taylor competently represented petitioner, his lack of attention to deadlines[3] and filing procedures[4] in this case was notable. In *McCulloch v. Sec'y of Health & Human Servs.*, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), the special master set forth the following factors to be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. In consideration of Mr. Taylor's work in this case, the undersigned finds it appropriate that he be awarded his 2016 rate for all work performed in 2017. This results in a reduction of $135.00.[5]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of response from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, minus the reduction discussed above.

---

[3] *See* Informal Communications, dated Aug. 24, 2016; Apr. 19, 2017; May 22, 2017 (missed deadlines).

[4] *See* Order Striking, issued Sept. 13, 2016, ECF No. 15; Informal Communication, dated Sept. 14, 2016.

[5] 2017: ($400 - $385) x 9.0 hours = $135.

**Accordingly, the undersigned awards a lump sum of $21,220.28,[6] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel Scott B. Taylor of Urban and Taylor, S.C.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.